Filed 3/11/15  In re G.F. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re G.F., a Person Coming Under the Juvenile Court Law. | B258411 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>GARY F.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. DK04725) |

        APPEAL from orders of the Superior Court of Los Angeles County, Daniel Zeke Zeidler, Judge.  Dismissed.

        John L. Dodd, under appointment by the Court of Appeal for Appellant.

        Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jeanette Cauble, Deputy County Counsel, for Plaintiff and Respondent.

_____

The dependency court issued jurisdiction and disposition findings and orders concerning G.F. and several of his half-siblings. G.F.'s father, Gary F.,[1] filed the present appeal to challenge the orders as they affect his parental relationship with G.F. We dismiss the appeal.

**FACTS**

J.Y. (Mother) is the parent of five children: A.P. born in 1996; T.M. born in 1997; J.C. born in 2000; A.C. born in 2001; and G.F. born in 2006. The only child involved in the current appeal is G.F. Father is not the parent of any of Mother's other children.

In late 2013, Father was incarcerated, and all of the children lived with Mother. At that same time, Mother lived with J.C., Sr., the father of J.C. and A.C. In November 2013, the Los Angeles Department of Children and Family Services (DCFS) received a referral reporting that J.C., Sr. had sexually abused A.C. DCFS and the Los Angeles Police Department investigated the allegations. DCFS interviewed A.C. and the other children, including G.F., who stated that he had not been physically abused in the family home, and did not know about the alleged sexual abuse.

In April 2014, DCFS filed a petition pursuant to Welfare and Institutions Code section 300 on behalf of all five children.[2] The dependency court detained the children, and ordered them to remain in Mother's custody under DCFS's supervision. Further, the court appointed counsel to represent Father, who, as noted above, was then incarcerated.

On July 1, 2014, the dependency court held a joint jurisdiction and disposition hearing. Father, then recently released from prison, appeared at the hearing. DCFS filed an amended petition to delete A.P., in recognition that he was then 18 years old, and to clarify the alleged bases for jurisdiction.

The court sustained allegations in the amended petition as follows. Pursuant to section 300, subdivision (a), "serious physical harm," the court found that J.C., Sr. physically abused J.C. by striking him with belts. Further, that such physical abuse was

---

[1]     We hereafter refer to Gary F. as Father.

[2]     All further section references are to the Welfare and Institutions Code.

2

excessive and caused the child unreasonable pain and suffering. The court found J.C., Sr. had a criminal history of a conviction for battery and that his physical abuse of the child endangers the child's physical health and safety, placing the child at risk of physical harm, damage, danger, physical abuse and failure to protect.

Pursuant to section 300, subdivision (b), "failure to protect," the court found that J.C., Sr. sexually abused A.C., and that Mother failed to protect A.C. from the abuse by allowing J.C., Sr. to have "unlimited access" to the child. Further, the court found that the sexual abuse by J.C., Sr., and Mother's failure to protect, endangered A.C.'s physical health and safety, placing A.C. and her siblings, T.M., J.C. and G.F., at risk of physical harm, damage, danger, sexual abuse and failure to protect. The court also found that J.C., Sr. had a history of mental and emotional problems, and alcohol and illicit substance use which created a danger of physical harm. Finally, the court found that J.C., Sr. had sexual molested T.M., and exposed her to pornography, creating a risk of physical harm to T.M., and her siblings J.C., A.C., and G.F.

Pursuant to section 300, subdivision (d), "sexual abuse," and subdivision (j), "abuse of sibling," the court made findings which paralleled those noted above.

With respect to disposition, the court adjudged all four children to be dependants of the court, and ordered Mother to complete "conjoint counseling with the children when deemed appropriate by the children's therapist, parenting education, [and] sex abuse awareness counseling." The court also ordered Mother to complete "individual therapy with a licensed therapist to address sex abuse awareness counseling, being a victim of sex abuse, domestic violence, and any mental health issues, and receive psychological assessments if the therapist recommends." The court ordered T.M. and A.C. to be provided with individual counseling.

As relevant to Father's current appeal, the dependency court ordered DCFS to provide Father with "enhancement services," and ordered Father to submit to on-demand drug tests. With respect to drug testing, the court stated: "If he has [a] missed or dirty test, he is to do a full drug rehabilitation program with weekly random testing." Further, the court ordered Father to attend counseling classes to address adult and parental

3

responsibility.  Last, the court ordered DCFS to provide Father with unmonitored visits with G.F.

In July 2014, Father filed a timely notice of appeal.  In October 2014, Father filed his opening brief on appeal.  In November 2014, DCFS filed its respondent's brief.

On December 18, 2014, the dependency court issued orders terminating its jurisdiction over G.F. as being "no longer necessary."  Further, the court entered orders granting Mother sole legal and physical custody of G.F., and granting visits for Father.[3]

An examination of our court's records discloses no appeal by Father from the dependency court's orders issued on December 18, 2014.

## DISCUSSION

### I.    Father's Present Appeal is Moot

At oral argument on appeal, DCFS's counsel hinted that events in the dependency case had rendered moot all of Father's claims of error regarding the dependency court's orders.  Following argument, DCFS's counsel submitted a minute order from the dependency court proceedings on December 18, 2014.  The minute order shows that the court has terminated jurisdiction over G.F., with orders granting sole legal and physical custody to Mother, and granting Father visits according to an unspecified schedule. DCFS maintains that the proceedings on December 18, 2014 render moot Father's challenges to the dependency court's jurisdiction and disposition orders.  In response to DCFS's showing, Father offers a well-reasoned argument that DCFS has not sufficiently shown that Father's appeal is moot.  Father argues that the minute order does not show why the dependency court declined to grant shared custody of G.F to Mother and Father, and that our court does not have sufficient information to determine whether the final custody orders may have been affected by the disposition orders challenged by Father on his current appeal.  In essence, Father argues that if he did not get shared custody of G.F. as a result of noncompliance with certain disposition orders which he challenges in his

---

[3]    We hereby grant DCFS's motion for judicial notice of the dependency court's minute order from the proceedings on December 18, 2014.  DCFS's motion for judicial notice was filed on January 29, 2015, after oral argument in Father's current appeal.

4

current appeal, and if we reverse those orders, then the validity of the final custody orders will need to be re-examined.

Father's arguments might persuade us to resolve his current appeal, if he had appealed from the dependency court's orders issued on December 18, 2014. Having failed to appeal the orders terminating the dependency court's jurisdiction, and granting Mother sole legal and physical custody, Father has effectively accepted those orders. At this post-dependency stage, any allegedly "improper" dispositional orders concerning Father can have no effect on him.

An action that originally was based on a justiciable controversy cannot be maintained on appeal if the questions presented by the appeal have become moot by subsequent acts or events. (*In re Dani R*. (2001) 89 Cal.App.4th 402, 404.) A reversal in such a mooted case would be without practical effect, and the appeal therefore may be dismissed. (*Ibid*.) As a result, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

BIGELOW, P.J.

We concur:

FLIER, J.

GRIMES, J.

5